# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN JAVIER BANK, | |
| Plaintiff, | Case No. 2:10-cv-02207-RLH-GWF |
| vs. | **FINDINGS AND RECOMMENDATIONS** |
| EIGHTH JUDICIAL DISTRICT COURT and ARTHUR RITCHIE, | Motion to Proceed *In Forma Pauperis* (#1-2) |
| Defendants. | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and Complaint (#1), filed December 20, 2010, and Amendment to Motion for Leave to Proceed *In Forma Pauperis* (#2), filed January 10, 2011.

## BACKGROUND

Plaintiff Steven Javier Bank claims that he was improperly denied his right to proceed *in forma pauperis* in the Eighth Judicial District Court of Nevada by Nevada District Judge Arthur Ritchie. (#1-1 at 1-2). According to the Complaint, Plaintiff filed an application to proceed *in forma pauperis* in a civil action in Nevada District Court in 2010.[1] On November 5, 2010, Judge Ritchie's chambers mailed Plaintiff a memorandum explaining that the Court could not grant Plaintiff's application to proceed *in forma pauperis* because Plaintiff had not submitted sufficient evidence of indigency. (#1-1 at 6). Bank responded by submitting additional financial information to Judge Ritchie, including a affidavit in which Plaintiff attested to his indigency. (*See* #1-1). On December 10, 2010, the Court held a hearing on Plaintiff's application and Judge Ritchie denied Bank's request to proceed *in forma pauperis*. (#1-1 at 2). According to Plaintiff, Judge Ritchie informed Plaintiff that he did not have a right to proceed *in forma pauperis* and that if Plaintiff was unable to pay the filing fee, he would not be able to file his civil suit. (#1-1 at 2).

---

[1] Plaintiff attached the application to proceed *in forma pauperis* in question to his complaint. (#1-1 at 3-4). While the application is signed by Plaintiff, it is not dated. (*Id.*)

Plaintiff requests that this Court overturn Judge Ritchie's ruling or order that Bank will be allowed to proceed *in forma pauperis* in Nevada state court.

## DISCUSSION

### I.     Application to Proceed *In Forma Pauperis* (#1)

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Bank's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed *in forma pauperis* (#1) in federal court will be granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

. . .

### III. Jurisdiction

Plaintiff does not state the basis for this Court's jurisdiction over his claims in the complaint. (*See* #1-1 at 1-2). Instead, he argues that under Fed.R.Civ.P. 6 "jurisdiction need not be shown in matters of judgments or decisions." Plaintiff is mistaken. A petitioner filing in Federal Court must demonstrate that the Court has both personal and subject matter jurisdiction over the petitioner's claims. From the Court's review of the complaint and the amendment to the application to proceed *in forma pauperis*, it is not clear what statute Plaintiff is citing as the basis of his claim.[2] Based on Bank's statement that he was denied "access to courts" and the "right" to proceed *in forma pauperis*, the Court will proceed with the screening of the complaint on the theory that Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983 for violation of a constitutional right.

While Plaintiff may be seeking relief under § 1983, the relief he seeks amounts to an appeal of Judge Ritchie's ruling in Nevada state court and United States District Courts do not have jurisdiction to hear appeals from state trial court rulings. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003). The Rooker–Feldman doctrine prevents the Court from considering claims that amount to a review of the state court's ruling. The Rooker–Feldman doctrine stems from two cases recognizing that under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it creates. *See* U.S. Const. art. III, § 1. In both of those cases, parties who had lost in state court attempted to invoke the jurisdiction of the United States District Court to appeal the state-court rulings. In both cases, the federal statutes applicable at the respective times did not give the United States District Court appellate jurisdiction over the respective controversies. *See D.C. Ct.App. v. Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a judicial matter, not an administrative one, making any federal jurisdiction appellate, not original, and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United States District Court, but to the United States Supreme Court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16

---

[2] Plaintiff states that under "U.S.C. Title 1343," he is "entitled to bring actions to enforce [his] civil rights. (#2). As it is not clear what statute Plaintiff is citing, the Court will proceed on the theory that Plaintiff is suing for violation of a civil right.

(1923) (holding that under the statutes in place at the time, an appeal from the Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United States District Court, because the jurisdiction of the latter court was strictly original).

Presumably, Congress could create appellate jurisdiction over state-court rulings in the United States District Court. The question in this case, as it was in *Rooker* and *Feldman*, is whether Congress has done so. It has not. Plaintiff brings the case under § 1983, but this Court has no statutory jurisdiction to entertain *de facto* appeals of state trial court rulings any more than it has jurisdiction to entertain formal appeals of such rulings. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir.2008). The issue here (whether Plaintiff has the right to proceed *in forma pauperis* in Nevada state court) must be litigated through the state courts because the issue is "inextricably intertwined" with the state-court decision. *See Feldman*, 460 U.S. at 483 n. 16 (stating "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."); *Reusser*, 525 F.3d at 859.

Here, Plaintiff is asking this Court to decide that the state court erred in denying his application to proceed *in forma pauperis*. Plaintiff must appeal Judge Ritchie's decision to the Nevada Supreme Court. As it is clear from the face of the complaint that the jurisdiction deficiencies cannot be cured by amendment, the undersigned magistrate judge recommends that Plaintiff's complaint be dismissed with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because this Court does not have jurisdiction to hear appeals from the ruling of a state trial court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of April, 2011.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**